United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY VAN KEMPEN,<br><br>Plaintiff,<br><br>v.<br><br>MATHESON TRI-GAS, INC.,<br><br>Defendant. | Case No. 15-cv-00660-HSG<br><br>**ORDER DIRECTING PARTIES TO ADDRESS ISSUES IDENTIFIED IN ORDER DENYING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 57 |

On August 1, 2016, the Court denied Plaintiff's unopposed motion for preliminary approval of class and collective action settlement based on two obvious deficiencies: (1) an improper opt-in mechanism for the FLSA group; and (2) an overly broad release. *See* Dkt. No. 57 at 14. In addition, the Court identified several other deficiencies present in the agreement, and stated that they would need to be remedied or explained in any future motion for preliminary approval. *See id.* at 17-20. However, Plaintiff's renewed motion for preliminary approval fails to address some of the Court's concerns. Specifically, Plaintiff has failed to explain: (1) how Plaintiff's counsel's declaration that there are "two discrete settlement subclasses"--the FLSA overtime group and California vacation class--maps to the three settlement classes described in the agreement, *see id.* at 18 n.4; *compare* Dkt. No. 49 ¶ 16 *with* SA ¶ 8; (2) how recovery will be allocated to the California overtime class such that it might fall within the range of possible approval, *see* Dkt. No. 57 at 17-18; (3) the discrepancy between the settlement agreement's contention that the *Ambriz* settlement releases all of the claims set forth in the operative complaint except for the overtime and vacation time claims and Plaintiff's counsel's declaration that the parties have agreed to fully compromise claims for late and improper termination wages under California Labor Code Section 203, *see id.* at 18; and (4) who would receive the different versions of the notice forms, and why, *see id.* at 20.

The parties are thus **DIRECTED** to submit a joint supplemental statement addressing each of the above-referenced questions by January 27, 2017 at 3:00 pm.

In addition, to enable class members to review class counsel's motion for attorneys' fees, class counsel shall include language in the settlement notices indicating the deadline for filing the attorneys' fees motion, specifically stating the deadline for any class member objections to the fees motion, and informing class members that the motion and supporting materials will be available for viewing by request from the Claim Administrator or class counsel.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) (holding that under Rule 23(h), class members must be given a full and fair opportunity to examine and object to attorneys' fees motion).  That motion shall be filed with the Court and posted on the settlement website not later than 20 days before class members' objections are due.  The parties are therefore also **DIRECTED** to submit a revised notice form that addresses the Court's concern by January 27, 2017 at 3:00 pm.  The revised notices shall include redlined or highlighted copies clearly identifying the modifications.

**IT IS SO ORDERED.**

Dated: 1/24/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge